UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    1:25-cv-00519-SDN |
| | ) |
| ANDREW S. BRANN, et al., | ) |
| | ) |
| Defendant. | ) |

## JUDGMENT OF FORECLOSURE AND SALE

**Address: 15 Lindsey Lane, West Gardiner, ME 04345**
**Mortgage: January 5, 2017**
**Book 12515, Page 216 of Kennebec County Registry of Deeds**

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on June 4, 2026. ECF No. 26. Plaintiff, Lakeview Loan Servicing, LLC ("Lakeview"), was present and represented by John A. Doonan, Esq. The Defendants, Andrew S. Brann, Alesia Bizjak, Cheryl Trehern, Larry Self a/k/a Shane Self, and Jimmy Self (collectively, "Defendants"), did not appear.

I granted the Motion for Default Judgment. ECF No. 14. At the request of Lakeview, Breach of Note (Count II), Breach of Contract, Money Had and Received (Count III), and Unjust Enrichment (Count IV) are hereby **DISMISSED** without prejudice. **JUDGMENT** on Foreclosure and Sale (Count I) is hereby **ENTERED** as follows:

1. If the Defendant or her heirs or assigns pay Lakeview the amount adjudged due and owing ($272,902.51) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, Lakeview shall forthwith discharge the Mortgage and file a dismissal of this

1

action on the ECF Docket. The following is a breakdown of the amount due and owing as of June 4, 2026:

| Description | Amount |
| --- | --- |
| Principal Balance | $142,886.96 |
| Interest at 4.25% to 6/4/26 | $35,002.82 |
| Corporate Advance Balance | $45,672.15 |
| Escrow Advance | $48,593.96 |
| Late Charges | $506.26 |
| Mortgage Insurance Premium (Pro Rate MI) | $240.36 |
| Grand Total | $272,902.51 |

2. If the Defendant or their heirs or assigns do not pay Lakeview the amount adjudged due and owing ($272,902.51) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of the West Gardiner Property shall terminate, and Lakeview shall conduct a public sale of the West Gardiner Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $272,902.51 after deducting the expenses of the sale, with any surplus to the Defendants or their heirs or assigns, in accordance with 14 M.R.S.A. § 6324. Lakeview may not seek a deficiency judgment against the Defendants pursuant to the Plaintiff's waiver of deficiency at the hearing.

3. In the event that the Defendants, and anyone occupying the premises, do not vacate the property upon termination of their right to possession, Lakeview may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5. The Plaintiff is responsible for recording the attested copy of this Judgment with the signed Clerk's certification in the proper county's registry of deeds within one year of the entry of the final judgment and for paying the appropriate recording fees. *See* 14 M.R.S. § 2401(3).

6. The amount due and owing is $272,902.51.

7. Lakeview has first priority, in the amount of $272,902.51, pursuant to the subject Note and Mortgage and there are no parties in interest other than the Defendants who have second priority.

8. The pre-judgment interest rate is 4.25%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 9.5%, pursuant to 14 M.R.S.A. § 1602-C.

9. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | Lakeview Loan Servicing, LLC<br>4425 Ponce De Leo Boulevard,<br>Mailstop MS5/521<br>Coral Gables, FL 33146 | John A. Doonan, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center,<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT | Alesia Bizjak<br>7259 Raintree Lane<br>Gulf Shores, AL 36542 | Pro Se |
|  | Andrew S. Brann<br>5360 Woodline View Circle<br>Auburn, GA 30011 | Pro Se |
|  | Larry Self a/k/a Shane Self<br>290 Ennis Hill Rd<br>Dadeville, AL 36853 | Pro Se |
|  | Jimmy Self<br>7975 Access Rd<br>Saraland, AL 36571 | Pro Se |
|  | Cheryl Trehern<br>3818 Moffett Rd<br>Mobile, AL 36618 | Pro Se |

a)   The docket number of this case is No. 1:25-cv-00519-SDN.

b)   The Defendants, the only parties to these proceedings besides Lakeview, received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c)   A description of the real estate involved, 15 Lindsey Lane, West Gardiner, Maine 04345, is set forth in Exhibit A to the Judgment herein.

d)   The street address of the real estate involved is 15 Lindsey Lane, West Gardiner, Maine 04345. The Mortgage was executed by the Defendants, Andrew S. Brann and Linda J. Brann on January 5, 2017. The book and page number of the Mortgage in the Kennebec County Registry of Deeds is Book 12515, Page 216.

4

e)      This judgment shall not create any personal liability on the part of the

Defendant but shall act solely as an *in rem* judgment against the property,

15 Lindsey Lane, West Gardiner, Maine 04345

**SO ORDERED.**

Dated this 6th day of July, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

5